UNION HOLLYWOOD WATER CO. v. CARTER, Internal Revenue Collector.

(Circuit Court of Appeals, Ninth Circuit. January 8, 1917.)

No. 2837.

1. INTERNAL REVENUE ☞9—CORPORATE EXCISE TAX—"GROSS INCOME"—DEDUCTIONS.

Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (Comp. St. 1913, §§ 6300–6307), requires corporations to pay an excise tax of 1 per cent. of their net income above $5,000, and provides that the net income shall be ascertained by deducting from the gross amount of its income, received within the year from all sources, operating expenses, losses, including depreciation, interest, taxes, and dividends on stock of corporations subject to the tax. Plaintiff was a public waterworks company, which received from its consumers amounts for service connections and extensions, the greater part of which it expended in making the connections and extensions. It sues to recover the tax paid under protest on the amount of such receipts without deduction of the expenditures. Held, that such receipts were part of the corporation's "gross income," and did not fall within any of the deductions provided for, and that plaintiff was liable for the tax on the full amount of such receipts, which, in fact, were invested in permanent improvements, adding to the value of the property.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ☞9.

For other definitions, see Words and Phrases, First and Second Series, Gross Income]

2. INTERNAL REVENUE ☞9—CORPORATE EXCISE TAX—CORPORATIONS LIABLE—PUBLIC UTILITIES CORPORATION.

The fact that plaintiff was a public utilities corporation, which, under the laws of the state, was not the owner of the property, but merely intrusted with the use thereof, which it must devote to the public, does not entitle it to more favorable treatment than other corporations; it being a

corporation organized for profit, having a capital stock represented by shares, and the act making no exceptions in favor of public utilities.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬤⟿9.]

6. INTERNAL REVENUE ⬤⟿9—CORPORATE EXCISE TAX—GROSS INCOME—SERVICE CONNECTIONS.

Nor does the fact that the state commission had ruled that service connections paid for by consumers were not to be included within the valuation of the company, on which it was entitled to a fair return, show that payments for those connections are not to be included as part of the corporation's gross income.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬤⟿9.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action by the Union Hollywood Water Company against John P. Carter, as Collector of the United States Internal Revenue for the Sixth District of the State of California. Judgment for defendant, and plaintiff brings error. Affirmed.

Sheldon Borden and George H. Moore, both of Los Angeles, Cal., for plaintiff in error.

Albert Schoonover, U. S. Atty., and J. Robert O'Connor and Clyde R. Moody, Asst. U. S. Attys., all of Los Angeles, Cal., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error, a corporation, having paid under protest certain taxes under Act Aug. 5, 1909, § 38, for the years, 1912 and 1913, brought an action in two counts to recover the sums so paid. The facts and the questions involved are the same in the two counts, and it will be sufficient to refer only to the first. It is alleged therein that the plaintiff in error, being a public utility corporation engaged in furnishing water for domestic use and irrigation, received in the year 1912 from consumers, to pay for service connections to be laid in public streets, the sum of $33,024.50, and that it expended in laying such service connections the sum of $31,006.12; that in the same year it received from property owners and persons engaged in the subdivision and sale of real estate, to pay for extensions of the water system to their property, the sum of $52,895.65, and expended in laying such extensions in and through such property the sum of $51,-235.12. Upon all of said sums so received for service connections, and for the extension of the system into the lands of others, the plaintiff in error was required to pay a tax, although in its income tax returns, while it had included those receipts in its gross income, it had claimed a credit and deduction for the amount so expended by it for service connections and pipe extensions. The court below denied the right of the plaintiff in error to recover.

[1] The plaintiff in error contends that the moneys so received from property owners were not "gains, profits or income" within the mean-

ing of the statute; that they were moneys contributed solely for the purposes designated, and for the benefit of the contributors of the same, and were not subject to distribution among the stockholders of the corporation as dividends or otherwise, and could be used only for the specific purposes for which they were contributed; that, while the effect of the connections and extensions was to increase the plaintiff in error's plant, it was not to increase its gains, profits, or income. The question so presented does not seem to have been considered in any reported case. The statute provides that for the determination of the amount of the annual excise tax, which is fixed as the equivalent of 1 per cent. of the net income above $5,000, the net income shall be ascertained by deducting from "the gross amount of the income of such corporation * * * received within the year from all sources": (1) Its expense of operation paid out of income; (2) its losses, including a reasonable allowance for the depreciation of its property; (3) certain interest paid by it; (4) taxes paid by it; and (5) dividends on stock of corporations subject to the excise tax.

The plaintiff in error being a public utility corporation, we may assume that in the ordinary course of its business its income consisted principally of the sums paid to it by consumers for the use of water furnished by it. But it may also have other income, and we are of the opinion that contributions paid by consumers of water or owners of land tracts for service connections and pipe extensions are income within the meaning of the act. Such contributions are moneys which come to the corporation in the ordinary course of its business, and they are properly included in a statement of its gross income "received within the year from all sources," and the corporation is liable to pay a tax thereon, notwithstanding that all or nearly all of the sum so received may have been expended within the year in betterments and the extension of its system. Moneys so received for service connections and pipe extensions are not permitted to be deducted from the gross amount of the income, for they do not come within any of the permitted classes of deductions mentioned in the statute. Moneys so expended are invested in permanent improvements, which tend to enhance the rental and the market value of the water system. They are not in the nature of improvements made merely to facilitate the transaction of a growing business, the expenses of which has been held deductible as necessary expenses of the business in computing the taxable net income of the corporation. Connecticut Mut. Life Ins. Co. v. Eaton (D. C.) 218 Fed. 206.

[2] The plaintiff in error claims that it should be distinguished from ordinary business corporations, in that it is a public utility company, and under the laws of California it is not the owner of its plant and property devoted to public use in the sense of personal ownership, but is merely intrusted with the use thereof, which it must devote to the public. But we are unable to see in that fact any ground for holding that it is not subject to the plain provisions of the statute. It is still a corporation "organized for profit and having a capital stock represented by shares." It does not deny that it is subject under the law to pay an excise tax. If so, it is subject to pay the whole of the tax, and it is to

be dealt with precisely as any other corporation. The statute makes no exception in favor of public utility corporations.

[3] Nor do we think that a different conclusion should be reached because of the fact that the Railroad Commission of California has decided that meters and service connections paid for by consumers are not to be included in the valuation of the water company's plant upon which it is entitled to earn a fair return. City of Eagle Rock v. Eagle Rock Water Co., 3 C. R. C. 1054; In the Matter of the Application of the San Gabriel Valley Water Co., 8 C. R. C. 481. In the latter of these cases the Commission said:

> "Although these pipes were expressly donated to the company, they are now the property of the water company, and as such the company is entitled to a return on their fair value. On the other hand, the use value is not measured by an estimate of cost, for there are a number of these pipe lines that have only one consumer for a large investment, and it is obviously unfair to permit it to become a burden upon the remainder of the system."

It does not follow from these decisions of the California Commission that moneys contributed for service connections must not be regarded as income, gains, or profits for the purpose of determining the amount of the excise tax under the law of the United States. In Stratton's Independence v. Howbert, 231 U. S. 400, 417, 34 Sup. Ct. 136, 142 [58 L. Ed. 285] the court said:

> "Evidently Congress adopted the income as the measure of the tax to be imposed with respect to the doing of business in corporate form, because it desired that the excise should be imposed, approximately at least, with regard to the amount of benefit presumably derived by such corporations from the current operations of the government."

The court further said:

> "Moreover, Congress evidently intended to adopt a measure of the tax that should be easy of ascertainment and simply and readily applied in practice."

And it further observed:

> "It was reasonable that Congress should fix upon gross income, without distinction as to source, as a convenient and sufficiently accurate index of the importance of the business transacted; and from this point of view it makes little difference that the income may arise from a business that theoretically or practically involves a wasting of capital."

The judgment is affirmed.