## CLEVELAND RY. CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Sixth Circuit. December 6, 1929.

No. 5213.

348

H. J. Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, Andrew Squire, Fielder Sanders, and Atlee Pomerene, all of Cleveland, Ohio, on the brief), for petitioner.

Morton P. Fisher, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and C. M. Charest, both of Washington, D. C., on the brief), for respondent.

Carl F. Shuler, Director of Law, and Alfred Clum and Henry S. Brainard, Asst. Directors of Law, all of Cleveland, Ohio, amicus curiæ on behalf of City of Cleveland.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. The petitioner owns a street railway system in the city of Cleveland and operates it under ordinances designed to furnish adequate transportation service to the public at the least possible cost, and at the same time provide for the security of the property and a fixed annual return thereon to the owner. To this end the ordinances provided for a scale of fares and placed a valuation on the assets of the petitioner as of the date of its acceptance of the franchise. They further provided that the stockholders should be paid dividends at the rate of 6 per cent. per annum, and no more, upon their stock; and as a means for securing these dividends, as far as could be done, provision was made for a revolving fund of $500,000, known as an "interest fund." This fund was established by an issue and sale of capital stock, and it was to be maintained from operating receipts after the deduction therefrom of operating expenses and replacement allowances. It was provided that if the fund fell as low as $300,000 at any time, the fares should be automatically raised, or if at any time it reached $700,000, they should be automatically lowered, the aim being to maintain it as nearly as possible at the figure at which it was originally established. Taxes and interest on bonded indebtedness, in addition to dividends, were to be paid from this fund. If the amount paid into it in any year was more than enough to meet its requirements for that year, the balance was to be retained therein for like purposes in succeeding years; but if the amount paid into it in any year was not enough for its purposes, dividends were to be paid from the prior accumulations therein.

In each of the years 1918, 1919, and 1920 petitioner earned considerably more than enough to pay its operating expenses and meet the purposes of this fund, and in amended returns which it filed in 1921 it returned as its taxable income for each of those years only the amount paid out as dividends to its stockholders, claiming that the balance of its net earnings which was retained in the fund for its future requirements was not taxable income. The respondent treated this excess as income, and determined the tax liability accordingly. This determination was approved by the Board of Tax Appeals.

It is the contention of the petitioner that its annual taxable income is represented by what it disburses in dividends, whether earned or not, and that if its net income exceeds its dividend disbursements in any year, the excess is not taxable but becomes a trust fund for the benefit of car-riders, or "a debt due to the car-riders" to be returned to them in the form of reduced fares in succeeding years. It is also contended that this excess is an expense incurred during the year; and, again, that to tax it as income would be to impose a forbidden burden upon the municipality of Cleveland.

We do not stop to examine the differing and somewhat conflicting characteristics of the several designations applied to this excess, nor need we consider whether, if correctly designated as a trust fund, it is subject, as such, to a tax. It is enough primarily to observe that the petitioner's income is subject to a governmental tax, that the Revenue Act of 1918, §§ 212 (b) and 230 (a), 40

Stat. 1064, 1075, as well as subsequent acts, clearly contemplates that income taxes shall be assessed and levied upon the basis of annual earnings, and that in arriving at net income the statute allows as deductions from gross income all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on the trade or business.

■ Proceeding upon the hypotheses stated above, it is our opinion that the excess here in controversy was not an expense "paid or incurred during the taxable year" in carrying on the petitioner's business. Neither, in our view, was it exempt from a tax as a trust fund for the benefit of car-riders or a "debt due to the car-riders." It is true that the petitioner was required to retain it in the interest fund until reduced income from lower fares necessitated its use for the purposes of the fund, but it was nevertheless a part of the petitioner's income for the year in which it was earned. The interest fund was in fact a reserve fund created to effectuate the purposes of petitioners' franchise, one of which was to pay to the stockholders a fixed annual return on their investment. In binding itself to establish and maintain this fund, the petitioner put itself in the not uncommon position of a corporation having a charter with a maximum dividend limitation. We do not doubt that the net earnings of such a corporation in excess of its maximum dividend, if carried into a reserve fund to be used for the payment of future dividends, would be subject to a tax. In that case, as in this, the fund carried over would be income, though there, as here, charter provisions would forbid its use for dividend purposes during the year in which it was earned. Earnings become income when they are received and not when they may be distributed. Edwards v. Douglas, 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. 235; Kales v. Woodworth, 32 F.(2d) 37 (6 C. C. A.).

■ The position that the tax imposes an unconstitutional burden upon the city of Cleveland is also untenable. The petitioner is a privately owned corporation, carrying on its business for profit. The city owns no part of its capital stock, derives no income from the operation of its business, and pays no part of its expenses. Obviously, therefore, this tax does not fall upon the city or interfere with its governmental functions. Flint v. Stone Tracy Co., 220 U. S. 108, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Union Water Company v. Carter (C. C. A.) 238 F. 329. Quite as certain it is that there is no exemption by statute, for it is only where the income of the public utility accrues to the government, or some subdivision thereof, that such exemption is allowed. Section 213 (b) Revenue Act of 1918 (40 Stat. 1065). Indeed, if it be illegal to levy a tax upon this excess because it would result in an increase in fares, it is also illegal to tax the amount paid out in dividends or to tax any public utility company subject to governmental regulation. That it is not is too plain for further comment.

■ The interest fund was originally established by the issue and sale of capital stock. With the consent and approval of the city the petitioner invested part of this fund in its own stock, deriving therefrom a return which was credited to the fund. This return exceeded the return that could have been obtained by depositing the fund in bank. In computing the petitioner's taxable income the commissioner deducted the amount invested in this stock from invested capital. If the money had not been invested in the stock of the petitioner, or if it had been invested in other securities, it would admittedly have been a part of the invested capital. The commissioner's view was that the acquisition of the stock, though, was a return to that extent to the stockholders of the capital invested. This view, in our opinion, was erroneous. Under the ordinances the petitioner was required to maintain the interest fund at the figure at which it was originally established. The city permitted it, however, to invest part of this money in its own capital stock, treating that stock as part of the fund. All that it could do with this stock was to hold it or sell it and place the proceeds in the fund. Not being permitted to retire it, it is our view that it must be treated as invested capital.

The cause is remanded for a reassessment consistent with this view.